-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICK L. VINCENT, 17360-055,

                    Petitioner,

                                                    **DECISION and ORDER**
            -v-                                     11-CV-581S(M)

WESTERN DISTRICT COURT OF UNITED STATES,

                    Respondent.

_____

        Petitioner Patrick L. Vincent was sentenced by this Court in August 2010 to

an 84-month term of imprisonment[1] and currently is confined at the McKean Federal

Correctional Institution in Bradford, Pennsylvania.  He brings this petition pursuant

to 28 U.S.C. § 2241 to challenge the computation of his sentence. For the reasons

that follow, this case will be transferred to the United States District Court for the

Western District of Pennsylvania.

        "Under § 2241, a prisoner may challenge the 'execution of [his] sentence,' .

. . such as calculations by the Bureau of Prisons of the credit to be given for other

periods of detention, or decisions to deny parole, . . . or conditions of confinement."

*Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (citing *Chambers v. United

States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *Jiminian v. Nash*, 245 F.3d 144, 146

(2d Cir.2001); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir.1991)).

_____

[1]*See United States of America v. Vincent*, 08-CR-197S.

Here, petitioner is challenging the execution of his sentence, viz., the calculation by the Bureau of Prisons of the credit to be given for nine months home detention before the commencement of his sentence. It is well-established that a challenge to the execution of a federal sentence, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," must be filed in the district of incarceration. *See Jiminian v. Nash*, 245 F.3d at 146 (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)); *see also Rodriguez v. United States*, 08-3360, 2010 U.S. Dist. LEXIS 92884, at *3-4 (E.D.N.Y. Sept. 7, 2010) (where petitioner was challenging the execution of his sentence, "viz. the calculation by the Bureau of Prisons of the credit to be given for time served in the custody of the Bureau of Immigration and Customs Enforcement prior to the commencement of his federal sentence," he was required to bring his claim as a petition pursuant to 28 U.S.C. § 2241, and file it in the district of confinement).

Inasmuch as Vincent's petition contends only that his sentence has been improperly computed as a result of denying him credit for home detention, the Court finds that his challenge relates to the execution of his sentence and must be filed in the Western District of Pennsylvania, the district where he is incarcerated. *See Palozie v. Bledsoe*, 3:06cv761(WWE), 206 U.S. Dist. LEXIS 33807 (D. Conn. May 26, 2006) (where petitioner sentenced in Connecticut contended that Bureau of Prisons officials improperly computed his sentence by denying him jail time credit,

2

his challenge related to the execution of his sentence and his § 2241 petition was transferred to the Southern District of Illinois, where he was incarcerated).

Accordingly, the Clerk of Court is directed to TRANSFER this case to the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 1406(a) (permitting a district court, in the interest of justice, to transfer a case to a district in which it could have been brought).

SO ORDERED

Dated:     October 18, 2011
           Buffalo, New York

                              s/William M. Skrenty
                         WILLIAM M. SKRETNY
                              Chief Judge
                        United States District Court